UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA BEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-01471-WTL-DKL |
| ) | |
| KEITH BUTTS Warden, in his individual and ) | |
| official capacity, ) | |
| ) | |
| Defendant. ) | |

**Entry Denying Motion for Summary Judgment**

Plaintiff Joshua Bean alleges that the defendant has been deliberately indifferent to his physical safety in the protective custody unit or M-Unit of New Castle Correctional Facility ("NCCF"). Defendant Superintendent Keith Butts seeks resolution of the claims for damages and injunctive relief through summary judgment. For the reasons explained below, the motion for summary judgment (dkt. 45) is **denied** because material facts are disputed.

**I. Legal Standards**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (*citing Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). The substantive law applicable to this motion for summary judgment is the Eighth Amendment's prohibition against cruel and unusual punishment.

Mr. Bean's claim is brought pursuant to 42 U.S.C. § 1983. Prison officials have a duty to protect those in their custody from violence at the hand of other inmates. "But liability of a prison official for failure to protect an inmate only materializes if the 'official knows of and disregards an excessive risk to inmate health or safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). Thus, a claim that a prison official was deliberately indifferent to such a risk has both an objective and a subjective component. First, the harm to which the prisoner was exposed must be an objectively serious one. *See Gevas,* 798 F.3d 475 (being stabbed by cellmate constitutes serious harm); *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005) ("a beating suffered at the hands of a follow detainee ... clearly constitutes serious harm"). While the subjective prong of the deliberate indifference claim "requires that the official must have actual, and not merely constructive, knowledge of the risk in order to be held liable; specifically, he 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Gervas,* 798 F.3d at 481 (*quoting Farmer*, 511 U.S. at 837). In addition to knowing that the inmate faced a substantial risk of serious harm, an official will only be liable when he disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847; *see also Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).

Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety and the Seventh Circuit has repeatedly held that deliberate indifference is not a strict liability standard requiring jail officials to ensure the safety of their inmates. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). The Court is

also aware that deference should be given to prison administrators on issues of administration. *See Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997). This is because "[t]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions." *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979).

## II. Discussion

There is no dispute that Mr. Bean is a convicted murderer with an expected release date of 2040 and that Mr. Bean has been properly classified as requiring protective custody. There is also no dispute that Mr. Bean has **not** been physically attacked while at NCCF. What is in dispute is whether Mr. Bean is safe in M-Unit at NCCF, and if not, if there is any other protective custody unit which would be a more appropriate placement.

For example, Mr. Bean has testified that he has received death threats from other inmates housed in M-Unit and that he has been in close physical proximity to them during his time in M-Unit. Mr. Bean has sought and been denied "separation status" from certain inmates. Mr. Bean also testified that inmates in different pods can gain access to each other and that he has been "extorted" which the Court understands to mean that he has been providing commissary to certain inmates in return for his physical safety.

The defendant disputes that Mr. Bean is in danger and has testified that there is no other safer environment in which to place Mr. Bean. The defendant explains that each pod of the M-Unit secures meals, recreation, programming, visitation, showers, and other activities at different times so that offenders within each pod, in this case Mr. Bean in pod 3 and Mr. Lemoine in pod 4, cannot contact one another. The defendant contends that interaction between offenders in different pods is not only unavailable due to the scheduling of the matters noted above, it is also made unavailable due to the structure of the M-Unit itself, which has several monitored doors between

pods in the Unit. The defendant also claims that investigations of Mr. Bean's concerns found that his fears could not be substantiated.

Given these disputed material facts, the defendant's motion for summary judgment [dkt. 45] must be **denied**.

### III.  Further Proceedings

#### A.  Injunctive Relief

Mr. Bean seeks injunctive relief in the form of a transfer to the protective custody unit of another facility. The circumstances discussed above reflect that the parties are in the best position to resolve the issues regarding Mr. Bean's safety. Accordingly, the Court will attempt to recruit counsel to assist Mr. Bean with this claim. It is the Court's hope that the parties (through counsel) will be able to negotiate a settlement to this claim. Unless Mr. Bean is placed on 24 hour a day lockdown in a single man cell, there is always some risk of harm at the hands of other inmates. Counsel will be particularly helpful in constructing a resolution to Mr. Bean's concerns while providing an environment appropriate for long term placement. It is possible that NCCF is the best place for Mr. Bean. That said, Mr. Bean should not be required to purchase his safety by providing other inmates with commissary.

The Superintendent in his official capacity is understood to be the appropriate defendant to provide injunctive relief. However, if the relief sought is outside the authority of the Superintendent in his official capacity, the Superintendent should notify the Court of this fact and identify the appropriate official.

If the parties cannot resolve the claims in this action through settlement a bench trial will be held to resolve the claim for injunctive relief.

**B. Money Damages**

To the extent money damages are available in this case, they are necessarily limited because Mr. Bean has not been physically injured by another inmate while housed in M-Unit. *See Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996). The primary focus is and should be on determining if Mr. Bean's present placement creates a substantial risk of serious harm and, if so, what reasonable measures can be taken to abate this risk. Because counsel will be recruited for Mr. Bean, the issue of money damages will not be resolved at this time and the parties will be permitted to further develop this claim for relief.

**C. Additional Pretrial Proceedings**

The Court will attempt to recruit counsel to represent the plaintiff in this action.

After counsel has appeared for the plaintiff, the magistrate judge is requested to hold a conference to discuss the further development of this action and the possibility of settlement.

A date for the bench trial in this action shall be set by separate order. A bench trial is appropriate despite the plaintiff's jury demand because the issue to be resolved at trial is the plaintiff's claim for injunctive relief. This equitable remedy is for the Judge (not a jury) to decide.

**IT IS SO ORDERED.**

Date: 2/11/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA BEAN
190546
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel

Magistrate Judge LaRue's Chambers